UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 17-1531-JGB-KKx** | Date: | May 8, 2018 |
| Title: | *Gomez Cabrales v. Aerotek, Inc.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order (1) Granting in Part and Denying in Part Defendant's Motion to Compel Responses to Requests for Production [Dkt. 17]; (2) Granting in Part and Denying in Part Defendant's Motion to Compel Further Responses to Interrogatories [Dkt. 19]; and (3) Vacating the Hearings set for May 10, 2018

On April 19, 2018, Defendant Aerotek, Inc. ("Defendant") filed Motions to Compel Plaintiff Myrna Gomez Cabrales ("Plaintiff") to provide further responses to (1) Requests for Production, Set One, Nos. 15, 16, 26, 29, and 30; and (2) Interrogatories, Set One, Nos. 10, 12, 14, 16, and 21. ECF Docket Nos. ("Dkts.") 17, 19. Plaintiff also requests an award of $4,900.50 as reasonable attorney's fees incurred in bringing each Motion to Compel. Id.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motions to Compel and DENIES Defendant's request for reasonable attorney's fees incurred in bringing both Motions to Compel. In addition, the Court hereby VACATES the hearings set for May 10, 2018.

## I.
## RELEVANT BACKGROUND

This case arises out of the alleged wrongful termination of Plaintiff on or about April 7, 2017. Dkt. 1-1, ¶ 15. On June 20, 2017, Plaintiff initiated this action by filing a Complaint against Defendant in San Bernardino Superior Court setting forth the following causes of action: (1) Disability Discrimination; (2) Failure to Engage in the Interactive Process; (3) Failure to

Accommodate a Disability; (4) Retaliation for Exercising Rights to Take Protected Leave in Violation of California Family Rights Act/FEHA; (5) Retaliation under the FEHA; (6) Failure to Prevent Disability Discrimination; and (7) Wrongful Termination in Violation of Public Policy. Dkt. 1-1.

On July 28, 2017, Defendant filed an Answer.  Dkt. 1-2.  On July 31, 2017, Defendant removed the action to this Court.  Dkt. 1.

On October 2, 2017, Defendant served Requests for Production of Documents, Set One, on Plaintiff.  Dkt. 17-1, Declaration of Michael S. Kun in support of Defendant's Motion to Compel Production ("Kun RFP Decl.") ¶ 2, Ex. A.  On October 2, 2017, Defendant also served Interrogatories, Set One, on Plaintiff.  Dkt. 19-1, Declaration of Michael S. Kun in support of Defendant's Motion to Compel Interrogatories ("Kun ROG Decl.") ¶ 2, Ex. A.

On October 13, 2017, the Court issued a Scheduling Order setting a discovery cut-off of June 11, 2018, a dispositive motion hearing cut-off of August 20, 2018, and a jury trial for October 16, 2018.  Dkt. 11.

On November 13, 2017, Plaintiff served responses to Defendant's Requests for Production, Set One.  Kun RFP Decl., ¶ 3, Ex. B.  On November 13, 2017, Plaintiff also served responses to Defendant's Interrogatories, Set One.  Kun ROG Decl., ¶ 3, Ex. B.

On December 6, 2017, Defendant's counsel sent Plaintiff's counsel a letter setting forth the deficiencies in Plaintiff's responses to the Requests for Production and Interrogatories.  Kun RFP Decl., ¶ 4; Kun ROG Decl., ¶ 4.

On December 15, 2017, counsel for both parties met and conferred and discussed the Requests for Production and Interrogatories that are the subject of the instant Motions.  Kun RFP Decl., ¶¶ 5-7; Kun ROG Decl., ¶¶ 5-6.

On January 26, 2018, Plaintiff served supplemental responses to the Requests for Production.  Kun RFP Decl., ¶ 8, Ex. E.  On January 26, 2018, Plaintiff served supplemental responses to the Interrogatories.  Id., ¶ 9, Ex. F.

On March 30, 2018, Defendant served Defendant's portion of the Joint Stipulations in support of the instant Motions on Plaintiff.  Dkt. 19-5, Declaration of Michael Velarde in support of Plaintiff's Opposition to Motion to Compel Interrogatories ("Velarde ROG Decl.") ¶ 3.

On April 7, 2018, Plaintiff served further supplemental responses to Interrogatories, Set One, Nos. 10, 11, 14, and 16.  Id., ¶ 4, Ex. 1.  That same day, Plaintiff also served additional responsive documents.  Dkt. 17-5, Declaration of Michael Velarde in support of Plaintiff's Opposition to Motion to Compel Production ("Velarde RFP Decl.") ¶ 2, Ex. 1.

On April 19, 2018, Defendant filed the instant Motions to Compel with Joint Stipulations pursuant to Local Rule 37-2. Dkts. 17, 18, 19, 20. On April 26, 2018, Defendants filed Supplemental Briefs in support of their Motions to Compel. Dkts. 21, 22. The Motions thus stand submitted.

## II.
## LEGAL STANDARD

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016) (noting there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts"). Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:
> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A.  REQUESTS FOR PRODUCTION

#### 1.  Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2.  Requests for Production Nos. 15 and 30

Requests for Production Nos. 15 and 30 seek documents that relate to Plaintiff's employment with any employer and job search efforts since January 2012. Dkt. 18 at 9, 27. Plaintiff objected on the grounds the Requests are compound, vague, ambiguous, overbroad, and violate her privacy, but agreed to produce documents for the time period after Defendant terminated Plaintiff's employment. Id. at 10, 27.

Defendant argues the employment documents from before and during Plaintiff's employment with Defendant are relevant to determine Plaintiff's earning capacity and ensuring she was not employed elsewhere while employed by Defendant. Dkt. 18 at 11-13, 29-30. Plaintiff argues Defendant's mere speculation that her prior work experience will contain relevant evidence is insufficient to compel discovery. Id. at 13-15, 31-32. Plaintiff's argument is meritless. The Court finds the existence or non-existence of responsive documents regarding Plaintiff's prior work experience and job search efforts is relevant to Plaintiff's damages claim and Defendant's defenses.

To the extent Plaintiff raises any legitimate concerns, privacy does not completely bar discovery of protected material; rather, it generally requires balancing the needs of the party seeking discovery with the burden of production. See Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Here, Plaintiff's conclusory assertion of privacy is insufficient to preclude production of relevant documents. See Solomon v. Jacobson, No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016) (finding defendant's "nonspecific boilerplate" responses to plaintiff's requests for production "inadequate" under Federal Rule of Civil Procedure 34). Moreover, the Court finds any privacy concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 617.

Hence, Defendant's Motion to Compel further responses to Requests for Production Nos. 15 and 30 and production of responsive documents is GRANTED subject to a protective order limiting public disclosure and use for any purpose other than prosecuting this litigation of any documents properly designated as "Confidential" thereunder.

### 3. Request for Production No. 16

Request for Production No. 16 seeks documents provided to any federal, state or local government agency pertaining to Defendant or the claims in Plaintiff's Complaint. Dkt. 18 at 15. While Plaintiff objected on the grounds the Request is compound, vague, ambiguous, overbroad, and violates her privacy, Plaintiff has agreed to produce responsive documents in her possession, custody, or control other than federal or state tax documents and EDD unemployment documents, which are private, privileged and not discoverable. Id. at 16. Defendant no longer seeks Plaintiff's tax documents.

Defendant argues the EDD unemployment documents are relevant because any statements regarding Plaintiff's disability or work status are relevant to whether Plaintiff was a qualified individual, able to work with a reasonable accommodation, as well as the reasons for her termination. Dkt. 18 at 17-18. Plaintiff only argues the documents are private and not discoverable. Id. at 19-21. The Court agrees the EDD documents are relevant. In addition, the Court finds to the extent the EDD documents are protected under California law, such protection has been waived because "the gravamen of the disability discrimination suit is inconsistent with the continued assertion of the protections of the California Unemployment Insurance code for documents relating to disability applications and benefits." Chavez v. Sw. Key Program, Inc., No. 11-CV-1878-CAB (NLS), 2012 WL 12868258, at *2 (S.D. Cal. Aug. 2, 2012) (granting defendant's motion to compel EDD unemployment documents in disability discrimination lawsuit). To the extent there are any legitimate privacy concerns, the Court finds such concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 617.

Hence, Defendant's Motion to Compel further responses to Request for Production No. 16 and production of responsive documents is GRANTED subject to a protective order limiting public disclosure of the documents and use for any purpose other than prosecuting this litigation of any documents properly designated as "Confidential" thereunder.

4. **Request for Production No. 26**

Request for Production No. 26 seeks documents that relate to any medical or psychological treatment Plaintiff received in the past ten years. Dkt. 18 at 21. Plaintiff objected on the grounds the Request is compound, vague, ambiguous, overbroad and violates "the doctor-patient privilege, therapist-patient privilege, and medical records privilege, and as to privacy." Id. Plaintiff recently produced records related to the "underlying health conditions/disability at issue in this case." Velarde Decl., ¶ 4.

Defendant argues the medical records are relevant to determining whether any other medical factors would affect Plaintiff's claim for emotional distress damages. Dkt. 18 at 22-23. Plaintiff only argues the request is overbroad and violates Plaintiff's privacy. Id. at 23-25. The Court agrees Plaintiff has put her general health in issue and must produce all responsive documents, not merely those she believes are relevant. To the extent there are any legitimate privacy concerns, the Court finds such concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 617.

Hence, Defendant's Motion to Compel further responses to Request for Production No. 26 and production of responsive documents is GRANTED subject to a protective order limiting public disclosure of the documents and use for any purpose other than prosecuting this litigation of any documents properly designated as "Confidential" thereunder.

5. **Request for Production No. 29**

Request for Production No. 29 seeks documents that relate to any current or former employees of Defendant. Dkt. 18 at 25. Plaintiff objected on the following grounds: "compound, vague, ambiguous, overbroad in scope, not reasonably particularized or calculated to lead to the discovery of admissible evidence, and as to privacy." Id.

While the Court is unimpressed with Plaintiff's boilerplate objections, Defendant has failed to articulate the relevance of all documents relating in any way to other employees of Defendant. In its supplemental brief Defendant argues the request seeks correspondence between Plaintiff and other employees of Defendant. Dkt. 22 at 5-6. However, Defendant fails to articulate the relevance of whether Plaintiff ever spoke with another employee without limiting it to whether the communications related in any way to Plaintiff's employment or Defendant.

Hence, Defendant's Motion to Compel further responses to Request for Production No. 26 and production of responsive documents is DENIED without prejudice.

///
///
///
///

B.     **INTERROGATORIES**

   1.     **Applicable Law**

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  See Fed. R. Civ. P. 33.  "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

   2.     **Interrogatory Nos. 10, 14, and 16**

Interrogatory No. 10 states: "DESCRIBE IN DETAIL any complaints of unlawful conduct YOU made to anyone at DEFENDANT."  Dkt. 20 at 9.

Interrogatory No. 14 states: "DESCRIBE IN DETAIL each and every statement, whether or not written, made by any of DEFENDANT's employees, officers or agents, or anyone else, that YOU believe supports any of YOUR claims, including the date, time and place of the statement, the identity of the PERSON who made the statement, and the identity of any witnesses to the statement."  Id. at 25.

Interrogatory No. 16 states: "DESCRIBE IN DETAIL the substance, nature and   date of each communication YOU had with any PERSON concerning the facts, issues or other matters involved in this case, other than with YOUR attorneys."  Id. at 34.

Defendant argues Plaintiff's original responses improperly incorporated responses to other interrogatories by reference and vaguely elected to produce responsive documents without identifying which specific documents were responsive.  While it is undisputed such responses are insufficient pursuant to Federal Rule of Civil Procedure 33, it is not clear on what grounds, if any, Defendant complains Plaintiff's April 7, 2018 supplemental responses are incomplete or improper.  Dkt. 21 at 2-3.  Moreover, it appears the responses are now complete.

Hence, Defendant's Motion to Compel further responses to Interrogatory Nos. 10, 14, and 16 is DENIED as MOOT.

   3.     **Interrogatory No. 12**

Interrogatory No. 12 states:  "DESCRIBE IN DETAIL all efforts YOU have made to obtain employment since January 2012, including, but not limited to, the identity of any employer, employment agency or other PERSON that YOU contacted or that contacted YOU regarding potential employment, the nature and the date of each such contact, the nature of

employment sought, the results of each such contact, and whether YOU were offered employment or were rejected." Dkt. 20 at 18.

Plaintiff's Response to Interrogatory No. 12 states: "Objection, vague and ambiguous, compound, overly broad, and as to privacy, and not reasonably particularized or calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, responding party responds as follows: With respect to employment following Plaintiff's termination by Defendant, Plaintiff applied to jobs online and posted her resume on job search websites, such as Monster and through the EDD." Id.

Plaintiff's Supplemental Response to Interrogatory No. 12 states: "Objection, vague and ambiguous, compound, overly broad, and as to privacy, and not reasonably particularized or calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, responding party responds as follows: With respect to employment following Plaintiff's termination by Defendant, Plaintiff applied to jobs online and posted her resume on job search websites, such as Monster and through the EDD. This has been an ongoing process. Plaintiff will produce documents reflecting these job search efforts." Id.

Plaintiff argues her job search efforts are not relevant. Dkt. 20 at 22. As discussed above, the Court finds Plaintiff's job search efforts are relevant to Plaintiff's damages claim and Defendant's defenses. In addition, the Court finds Plaintiff's boilerplate objections are meritless. To the extent there are any legitimate privacy concerns, the Court finds such concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 617.

Hence, Defendant's Motion to Compel a further response to Interrogatory No. 12 is GRANTED.

### 4. Interrogatory No. 21

Interrogatory No. 21 states: "IDENTIFY any physician, psychiatrist, psychologist, therapist, counselor or other health care provider YOU have been treated by or have otherwise consulted with in the past 10 years, including, but not limited to, those who treated YOU for YOUR alleged disability, and DESCRIBE IN DETAIL all treatment YOU have received." Dkt. 20 at 43.

Plaintiff's Response to Interrogatory No. 21 states: "Objection, vague and ambiguous, compound, overly broad, and as to privacy, and not reasonably particularized or calculated to lead to the discovery of admissible evidence, and as to the doctor-patient privilege and therapist privilege. Without waiving the foregoing objections, responding party responds as follows: Plaintiff has not sought treatment from a psychiatrist, psychologist, therapist or counselor at any time. With regard to the underlying health conditions/disability at issue in this case, Plaintiff has treated with Physicians Assistant Mario Corona at Montclair Medical Clinic, and doctors at Hawthorne Immediate Heath Care. Plaintiff will produce these medical records." Id.

Plaintiff has provided medical records for the last five years for "the underlying health conditions/disability at issue." Velarde ROG Decl., ¶ 7. Plaintiff argues no other records are relevant. Id. However, as discussed above, Plaintiff's overall health is relevant to determining whether any other medical factors would affect Plaintiff's claim for emotional distress damages. Therefore, Plaintiff must fully respond by providing the requested information regarding all health care providers, not merely those she believes are relevant. To the extent there are any legitimate privacy concerns, the Court finds such concerns can be mitigated by an appropriate protective order. See Soto, 162 F.R.D. at 617.

Hence, Defendant's Motion to Compel a further response to Interrogatory No. 21 is GRANTED.

## C. REASONABLE EXPENSES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation, and specifically provide that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." L.R. 37-4.

Here, Defendant's Motions to Compel are granted with the exception of a single request for production, and Plaintiff's failure to adequately respond to the discovery requests was not substantially justified. Therefore, an award of expenses may have been appropriate. However, it appears the majority of the disputes regarding the written discovery objections could have been resolved without the involvement of the Court through meet and confer efforts and, perhaps, a protective order. In fact, it does not appear *any* efforts were made to meet and confer between Plaintiff serving supplemental responses on January 26, 2018 and Defendant serving a copy of the Joint Stipulations on Plaintiff on March 30, 2018. While the Court is not pleased with Plaintiff's unjustified, boilerplate objections, the Court is equally unimpressed with the parties' meet and confer efforts. Hence, Defendant's request for expenses is DENIED.

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Defendant's Motions to Compel are **GRANTED IN PART and DENIED IN PART as set forth above**.

>(a) **Within seven (7) days of the date of this Order**, the parties may file a proposed stipulated protective order limiting public disclosure of protected information and use for any purpose other than prosecuting this litigation. In the

event the parties fail to file a proposed stipulated protective order, the Court will issue an appropriate order to facilitate the exchange of relevant discovery. The parties are further directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. The parties are strongly encouraged to use the language contained in the approved stipulated protective order.

(b) **Within ten (10) days** of the date of entry of a Protective Order, Plaintiff shall provide the following to Defendant:

(1) Supplemental Responses to Requests for Production Nos. 15, 16, 26, and 30 as well as any responsive documents;

(2) Verified Supplemental Responses to Interrogatories 12 and 21.

(2) Defendant's request for payment of reasonable expenses incurred in making the Motions to Compel is **DENIED.**

(3) The Court hereby **VACATES** the hearings set for May 10, 2018.